UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARK LATINA
    Plaintiff,

v.

TRIDENT PARTNERS, LTD.

    Defendant.

Civil Action No. 05-10225 RWZ

## COMPLAINT TO CONFIRM ARBITRATION AWARD

### INTRODUCTION

Mark Latina ("Latina" or "Plaintiff") brings this action against Trident Partners, Ltd. ("Trident" or "Defendant"), to confirm an arbitration award that was rendered against the Defendant on February 1, 2005 pursuant to an arbitration conducted by a Panel of Arbitrators (the "Panel") of the National Association of Securities Dealers Dispute Resolution, Inc. ("NASD") sitting in Boston, Massachusetts. Latina hereby files this Complaint to Confirm Arbitration Award Pursuant to NASD Code of Arbitration Procedure § 10330(a) and Section 9 of the American Arbitration Act, 9 U.S.C. § 9.

### PARTIES

1.     Plaintiff, Mark Latina is a is an individual with the last and usual address of 160 Colonial Avenue, North Andover, Massachusetts. Latina is a customer of Trident Partners within the meaning of NASD Rule 10301 of the Code of Arbitration Procedure.

2. Defendant Trident Partners, Ltd. is a licensed brokerage firm and member of the National Association of Securities Dealers with its principal place of business at 500 North Broadway, Jericho, New York 11753.

## JURISDICTION

3. Jurisdiction is based on 28 USC § 1332(a) as the matter in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

4. The Court has personal jurisdiction over the Defendant in this case as it transacted business in the Commonwealth of Massachusetts, which transactions gave rise to Latina's claims against it. Additionally, Trident submitted to the jurisdiction of the Commonwealth of Massachusetts by submitting to arbitration in Massachusetts.

5. Additionally, this Court has jurisdiction over this matter pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, which provides that where as here, the parties have not specified the court in which judgment shall enter, such application may be made to the United States court in and for the district within which such award is made.

## BACKGROUND

6. Pursuant to NASD Rule 10301 of the Code of Arbitration Procedure, Latina filed a Statement of Claim against Trident with NASD demanding arbitration. The Statement of Claim asserted that in connection with Latina's brokerage account with Trident, Trident and its brokers engaged in fraudulent misrepresentations; failure to supervise; charging excess commission and mark-ups; fraudulent inducement; unsuitable trading; unauthorized trading; violation of Massachusetts General Laws c. 93A; negligence; unjust enrichment; breach of contract; and breach of federal securities laws.

7. Pursuant to NASD Rule 10301, as a member of the NASD Trident was required to submit to arbitration of the dispute before the NASD.

8. Pursuant to NASD Rule 10301, both parties executed and submitted to NASD a Uniform Submission Agreement in which the parties agreed to submit the controversy to arbitration before the NASD in accordance with the Constitution, By-Law, Rules, Regulations, and/or Code of Arbitration Procedure of the NASD. A true and accurate copy of the Uniform Submission Agreement of each party is attached hereto as **Exhibit 1.**

9. Pursuant to the Uniform Submission Agreement the parties agreed to abide by any award by the Panel, "that a judgment and any interest due thereon, may be entered upon such award" and agreed to "voluntarily consent to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." See **Exhibit 1**.

10. Pursuant to the NASD's dispute rules, Latina's claims were submitted to arbitration before the Panel in Boston, Massachusetts on December 6 and 7, 2004.

11. Pursuant to the Panel's subsequent Order, the parties filed post-hearing briefs on December 29, 2004.

12. On February 1, 2005, the Panel rendered a full and final Award ("Award") on Latina's claim, a true and accurate copy of which is attached hereto as **Exhibit 2**.

13. The Award requires that within thirty (30) days of the Award, Trident pay to Latina the total sum of $93,269.91 as follows:

    a. $28,253.70 in compensatory damages;

    b. $54,805.35 in attorneys' fees; and

    c. $10,210.86 in expert witness fees.

14. As of the date of the filing of this Complaint, Trident has not paid any amount of the award. Pursuant to Rule 10330(h) of the NASD Code of Arbitration, if the award is not paid within 30 days, Trident must pay post-judgment interest at the legal rate.

15. As of the date of filing of this Complaint, Defendant has not submitted any application to vacate, modify, or correct the arbitrator's award to any court.

### PRAYER FOR RELIEF

WHEREFORE, Latina requests that the Court:

1. Enter a judgment confirming the arbitration award attached hereto as **Exhibit 2**;

2. Enter judgment in favor of Latina and against Trident in the amount of $93,269.91, plus post-judgment interest at the legal rate of 12%;

3. Order Trident to make payment to Latina for his costs and legal fees incurred in confirming the arbitrator's award; and

4. Enter such further relief as this Court deems just and proper.

MARK LATINA
By his attorneys,

_/s/ Kimberly Dunn Spelman_
Joseph L. Demeo, Esq., BBO No. 561254
Kimberly Dunn Spelman, BBO No. 645558
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02110
(617) 263-2600

Dated: February 3, 2005

4

**NASD Dispute Resolution Arbitration**
**UNIFORM SUBMISSION AGREEMENT**

*Claimant(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Mark A. Latina

and

Name(s) of Respondent(s)

Trident Partners, Ltd.

Anthony Koulouris and

Nicholas Tsikitas

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Mark A. Latina
Claimant Name (please print)

*[signature]*      12/17/04
Claimant's Signature      Date

Claimant Name (please print)

Claimant's Signature      Date

If needed, copy this page.

21

# UNIFORM SUBMISSION AGREEMENT

**NASD Dispute Resolution**

In the Matter of the Arbitration Between

<u>Name of Claimant(s)</u>

Mark A. Latina

03-00508

<u>Name of Respondent(s)</u>

Nicholas G. Tsikitas
Anthony Koulouris
Trident Partners LTD.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. IN WITNESS WHEREOF, the parties hereto have signed and acknowledged the foregoing Submission Agreement.

Party(ies) Signature

_[signature]_
Trident Partners LTD.

Date: 4/29/03



LC43A: SUBMISSION AGREEMENT
rc:06/02
CC:
    Timothy Mitchelson, Esq., Mark A. Latina
    Demeo & Associates, P.C., 227 Lewis Wharf, Boston, MA  02110

RECIPIENTS:
    Nicholas G. Tsikitas
    P.O. Box 81, Ashland, NY  12407

    Anthony Koulouris
    5 Randolph Drive, Apt. 1, Carle Place, NY  11514

    Dennis Gilligan, Trident Partners LTD.
    Trident Partners LTD., 500 North Broadway, Ste. 145A, Jericho, NY  11753

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

Mark A. Latina (Claimant) v. Trident Partners, Ltd., Anthony Koulouris, and Nicholas Tsikitas (Respondents)

Case Number: 03-00508              Hearing Site: Boston, Massachusetts

Nature of the Dispute: Customer vs. Member and Associated Persons.

## REPRESENTATION OF PARTIES

Claimant Mark A. Latina ("Latina") hereinafter referred to as "Claimant": Joseph L. Demeo, Esq. and Kimberly Dunn Spelman, Esq., previously Timothy M. Mitchelson, Esq., Demeo & Associates, P.C., Boston, MA.

Respondent Trident Partners, Ltd. ("Trident"): Charles M. O'Rourke, Esq., Woodbury, NY. Previously represented by: Eugene L. Small, Esq., Alonso, Andalkar & Kahn, P.C., New York, NY.

Respondent Anthony Koulouris ("Koulouris") did not make an appearance in this matter.

Respondent Nicholas Tsikitas ("Tsikitas") did not make an appearance in this matter.

## CASE INFORMATION

Statement of Claim filed on or about: January 21, 2003.
Claimant signed the Uniform Submission Agreement: December 17, 2002.

Statement of Answer filed by Respondent Trident on or about: May 1, 2003.
Respondent Trident signed the Uniform Submission Agreement: April 29, 2003.

Respondent Koulouris did not file a Statement of Answer or sign the Uniform Submission Agreement.

Respondent Tsikitas did not file a Statement of Answer or sign the Uniform Submission Agreement.

NASD Dispute Resolution
Arbitration No. 03-00508
Award Page 2 of 5

## CASE SUMMARY

Claimant asserted the following causes of action: fraudulent misrepresentations; failure to supervise; charging excess commissions and mark-ups; fraudulent inducement; unsuitable trading; unauthorized trading; violation of Massachusetts General Laws; negligence; unjust enrichment; breach of contract; and breach of federal securities laws. The causes of action relate to shares of Knight Trading Group ("NITE"), BEA Sys. Inc., General Electric Co., Health Mgnt Assoc. ("HMA"), and Calpine Corp.

Unless specifically admitted in its Answer, Respondent Trident denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

Claimant requested unspecified compensatory damages; that the Panel awards the consideration paid for the securities, together with interest at 6% from the date of payment; costs and attorneys' fees; damages based on disgorgement of commissions or other profits; special or consequential damages; expert fees and interest, including pre-judgment interest; punitive damages; and such other relief as it deems just and proper.

Respondent Trident requested that the case be dismissed in its entirety; that judgment be rendered in its favor and against Claimant, with all costs, attorneys' fees, expenses, and forum fees to be assessed against Claimant.

## OTHER ISSUES CONSIDERED AND DECIDED

Upon review of the file and the representations made on behalf of the Claimant, the undersigned arbitrators (the "Panel") determined that Respondents Koulouris and Tsikitas have been properly served with the Statement of Claim and that Tsikitas received due notice of the hearing, and that arbitration of the matter would proceed without said Respondents present, in accordance with the NASD Code of Arbitration Procedure (the "Code").

On or about November 19, 2004, Claimant notified NASD Dispute Resolution that he settled his claims with Respondent Tsikitas.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, and the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent Trident is liable for and shall pay to Claimant $28, 253.70 in compensatory damages.

NASD Dispute Resolution
Arbitration No. 03-00508
Award  Page 3 of 5

2. Respondent Trident Partners is liable for and shall pay to Claimant $54,805.35 in attorneys' fees and $10,210.86 in expert witness fees pursuant to Massachusetts General Laws c. 93A.

3. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
Initial claim filing fee                                                        = $250.00

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated persons at the time of the events giving rise to the dispute. Accordingly, Trident Partners, Ltd. is a party.

Member surcharge                = $1,500.00
Pre-hearing process fee         = $ 750.00
Hearing process fee             = $2,200.00

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

April 27-29, 2004, adjournment by Claimant             = $1,000.00

### Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with Panel @ $1,000.00                = $1,000.00
Pre-hearing conference:     October 8, 2003     1 session

Four (4) Hearing sessions @ $1,000.00                             = $4,000.00
Hearing Dates:     December 6, 2004    2 sessions
                   December 7, 2004    2 sessions

Total Forum Fees                                                  = $5,000.00

1. The Panel has assessed $1,250.00 of the forum fees against Claimant.
2. The Panel has assessed $3,750.00 of the forum fees against Trident.

NASD Dispute Resolution
Arbitration No. 03-00508
Award   Page 4 of 5

## Fee Summary

1. Claimant is solely liable for:
   - Initial Filing Fee = $ 250.00
   - Adjournment Fee = $1,000.00
   - Forum Fees = $1,250.00
   - Total Fees = $2,500.00
   - Less payments = $1,425.00
   - Balance Due NASD Dispute Resolution = $1,075.00

2. Respondent Trident is solely liable for:
   - Member Fees = $4,450.00
   - Forum Fees = $3,750.00
   - Total Fees = $8,200.00
   - Less payments = $4,450.00
   - Balance Due NASD Dispute Resolution = $3,750.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 03-00508
Award Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| John Hansen, Esq. | - | Public Arbitrator, Presiding Chairperson |
| Winthrop G. Dow, Jr. | - | Public Arbitrator |
| John Joseph Cotter, J.D. | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

_____        1/29/05
John Hansen, Esq.        Signature Date
Public Arbitrator, Presiding Chairperson


_____        _____
Winthrop G. Dow, Jr.        Signature Date
Public Arbitrator


_____        _____
John Joseph Cotter, J.D.        Signature Date
Non-Public Arbitrator


February 1, 2005
Date of Service (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 03-00508
Award  Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| John Hansen, Esq. | - | Public Arbitrator, Presiding Chairperson |
| Winthrop G. Dow, Jr. | - | Public Arbitrator |
| John Joseph Cotter, J.D. | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

_____
John Hansen, Esq.
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
Winthrop G. Dow, Jr.
Public Arbitrator

_____
Signature Date

_____
John Joseph Cotter, J.D.
Non-Public Arbitrator

_____
Signature Date

February 1, 2005
_____
Date of Service  (For NASD Dispute Resolution use only)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mark Latina

**DEFENDANTS**
Trident Partners, Ltd.

**(b)** County of Residence of First Listed Plaintiff: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kimberly Dunn Spelman   617-263-2600
Demeo & Associates, P.C.
One Lewis Wharf, Boston, MA 02110

Attorneys (If Known)
Charles O'Rourke   516-677-9785
2 Swenson Drive, Woodbury, NY 11797

05-10225-RWZ

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | ☒ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint to Confirm Arbitration Award Under 9 U.S.C. §9

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 93,269.1 plus post judgment interest and attorney's fees.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE_____   DOCKET NUMBER_____

DATE_____   SIGNATURE OF ATTORNEY OF RECORD_____

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Mark Latina v. Trident Partners, Ltd.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

05 CV 10225 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)     NO

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         (EASTERN DIVISION)        CENTRAL DIVISION        WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION          CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Kimberly Dunn Spelman
ADDRESS Demeo & Associates, One Lewis Wharf, Boston, MA 02110
TELEPHONE NO. 617-263-2600

(Cover sheet local.wpd - 11/27/00)